# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTOINE WARREN, MICHEUALA BROWN, ANTHONY NETTLES, individually and as father of the minor child, ██████████ | * * * * | CIVIL ACTION NO.: |
| Plaintiffs | * * | SECTION: |
| VERSUS | * * * | |
| PETER MALLORY, WOODEN PRODUCTS TRANSPORTATION, INC., AMTRUST FINANCIAL SERVICES, INC., AND WESCO INSURANCE COMPANY | * * * * * | JUDGE    MAGISTRATE |
| Defendants | * | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Antoine Warren, Micheuala Brown, and Anthony Nettles, individually and as father of the minor child, ██████████ ████, who with respect represents as follows:

### INTRODUCTION

1.

This cause of action arises out of a motor vehicle collision that occurred on or about November 29, 2017, in the Parish of Orleans, State of Louisiana.

### THE PLAINTIFFS

Made Plaintiffs herein are:

A.  ANTOINE WARREN, a person of the full age of majority and resident of and domiciled in New Orleans, Parish of Orleans, State of Louisiana;

B.  MICHEUALA BROWN, a person of the full age of majority and resident of and

1

domiciled in New Orleans, Parish of Orleans, State of Louisiana; and

C. ANTHONY NETTLES, a person of the full age of majority and resident of and domiciled in New Orleans, Parish of Orleans, State of Louisiana, who brings this suit individually and as the father of his minor child, ████████████, pursuant to La. C.C.P. Art. 4061.1 A. (1) as ANTHONY NETTLES is the surviving parent of ████████████.

**THE DEFENDANTS**

Made Defendants herein are:

A. PETER MALLORY, (hereinafter "Defendant Mallory) a person of the full age of the majority and resident of and domiciled in the City and County of Montgomery, State of Alabama;

B. WOODEN PRODUCTS TRANSPORTATION, INC., (hereinafter "Wooden Products") a foreign corporation upon information and belief, incorporated in the State of Alabama and having its principal place of business in the State of Alabama, who upon information and belief was at all times relevant herein the owner of the vehicle and/or trailer that caused the November 29, 2017 motor vehicle collision at issue and the entity that employed Defendant Mallory while he was driving in the course and scope of his employment at the time of the November 29, 2017 motor vehicle collision;

C. AMTRUST FINANCIAL SERVICES, INC., (hereinafter "Amtrust") a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle and/or trailer that caused the November 29, 2017 motor vehicle collision; and

D.  WESCO INSURANCE COMPANY, (hereinafter "Wesco") a foreign insurance company authorized to do and doing business in the State of Louisiana, incorporated in a State other than the State of Louisiana and having its principal place of business in a State other than the State of Louisiana, who upon information and belief was at all times relevant hereto the insurer of the vehicle and/or trailer that caused the November 29, 2017 motor vehicle collision.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this proceeding pursuant to 28 USC § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and cost.

3.

Venue is proper in this Court pursuant to 28 USC § 1391(b)(2) as the district in which a substantial part of the events giving rise to this claim occurred.

## FACTS

4.

On or about November 29, 2017, Antoine Warren was operating a 2005 Cadillac SRX owned by Anthony Nettles and traveling Eastbound in the middle lane of Interstate 10.

5.

Micheuala Brown, ████████████ and Anthony Nettles, were passengers in the vehicle driven by Antoine Warren at the time of the November 29, 2017 crash.

6.

At the same date and time, Defendant Mallory, was driving a 2016 Freightline Model TT 18

3

wheeler (VIN: 3AKBGDBG1GSGY2188) with an attached box trailer, westbound on I-10 in the right-hand lane.

7.

Defendant Mallory negligently failed to keep a proper lookout and attempted to change from the right-hand to the middle lane, causing his vehicle to enter Plaintiffs' lane of travel and collide with the vehicle containing Plaintiffs.

8.

As a result of Defendant Mallory colliding with the vehicle containing Plaintiffs, Antoine Warren, Micheuala Brown, Anthony Nettles and ███████ were violently jolted inside the vehicle.

9.

Defendant Mallory was cited by the New Orleans Police Department for improper lane change.

10.

The vehicle being driven by Defendant Mallory was owned by Wooden Products, and Defendant Mallory was within the course and scope of his employment with Wooden Products when he crashed into the vehicle containing Plaintiffs.

**FAULT OF PETER MALLORY**

11.

The above described November 29, 2017 motor vehicle collision and the resulting injuries to Plaintiffs were caused through the negligence of Defendant Mallory, which negligence includes, but is not limited to, the following actions and/or inactions:

a)  Disregarded traffic conditions;

4

b) Gross negligence;

c) Failure to maintain proper control of a vehicle;

d) Failure to maintain a proper lookout and/or being distracted or inattentive;

e) Failure to take all reasonable evasive action to avoid a collision at issue herein;

f) Failure to yield;

g) Failure to properly change lanes;

h) Failure to see what should have been seen;

i) Improper lane usage;

j) Operation of the vehicle in a reckless and/or negligent manner;

k) Acting in violation of the laws of the State of Louisiana and/or the Parish of Orleans, all of which acts may be properly proven at the trial of this matter; and

l) Any and all other acts of negligence or fault which may be proven during the investigation and/or trial of this matter and that violate the laws of Louisiana and/or applicable ordinances which are hereby pleaded and adopted by reference.

## LIABILITY OF WOODEN PRODUCTS TRANSPORATION, INC.

### 12.

As a result of the foregoing, and as per applicable Louisiana law including, but not limited to, the Doctrines of Respondeat Superior; negligent entrustment; negligent hiring, training, and supervision; principal and agent; permissive use; vehicle owner with responsibility for maintenance and upkeep; and/or master-servant doctrines, said Wooden Products, is a proper party-defendant and is responsible for the negligence and/or liability attributed to Defendant Mallory.

**LIABILITY OF AMTRUST FINANCIAL SERVICES, INC., AS INSURER**

13.

Wooden Products, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Wooden Products, as owner, and Defendant Mallory, as operator of the insured vehicle and/or the insured trailer, for his negligence in connection with the November 29, 2017 motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, Amtrust, as insurer, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Mallory and Wooden Products.

**LIABILITY OF WESCO INSURANCE COMPANY, AS INSURER**

14.

Wooden Products, at all times relevant herein, had in full force and effect a policy of liability insurance coverage in favor of defendants, Wooden Products, as owner, and Defendant Mallory, as operator of the insured vehicle and/or the insured trailer, for his negligence in connection with the November 29, 2017 motor vehicle collision at issue herein. As a result of the foregoing and as per applicable Louisiana law, Wesco, as insurer, has been named herein as party-defendant, and is answerable and/or responsible for the negligence and/or liability of Defendant Mallory and Wooden Products.

**DAMAGES**

15.

As a result of said November 29, 2017 motor vehicle collision, Antoine Warren suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual

effects are not yet known.

16.

Antoine Warren's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Mallory and his failure to operate his vehicle and/or trailer in a proper, prudent, and safe manner.

17.

As a result of the motor vehicle collision at issue, Antoine Warren suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a)  Past, present, and future mental pain and suffering;

b)  Past, present, and future physical pain and suffering;

c)  Past, present, and future medical expenses;

d)  Loss of enjoyment of life;

e)  Past, present, and future lost earnings;

f)  Loss of earning capacity; and

g)  All damages allowed under Louisiana law which may be proven at the trial of this matter.

18.

As a result of said November 29, 2017 motor vehicle collision, Anthony Nettles suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

19.

Anthony Nettles' injuries and damages were directly caused by the negligent acts and

omissions and/or commissions on the part of Defendant Mallory and his failure to operate his vehicle and/or trailer in a proper, prudent, and safe manner.

20.

As a result of the motor vehicle collision at issue, Anthony Nettles suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages including, but not limited to:

a)  Past, present, and future mental pain and suffering;

b)  Past, present, and future physical pain and suffering;

c)  Past, present, and future medical expenses;

d)  Loss of enjoyment of life;

e)  Property damage;

f)  Past, present, and future lost earnings;

g)  Loss of earning capacity; and

h)  All damages allowed under Louisiana law which may be proven at the trial of this matter.

21.

As a result of said November 29, 2017 motor vehicle collision, Micheuala Brown suffered personal and bodily injuries including, but not limited to, injuries to her neck and back. All of her damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

22.

Micheuala Brown's injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Mallory and his failure to operate his vehicle and/or trailer in a proper, prudent, and safe manner.

23.

As a result of the motor vehicle collision at issue, Micheuala Brown suffered severe physical and mental injuries as well as inconvenience, entitling her to recover damages including, but not limited to:

a) Past, present, and future mental pain and suffering;

b) Past, present, and future physical pain and suffering;

c) Past, present, and future medical expenses;

d) Loss of enjoyment of life;

e) Past, present, and future lost earnings;

f) Loss of earning capacity; and

g) All damages allowed under Louisiana law which may be proven at the trial of this matter.

24.

As a result of said November 29, 2017 motor vehicle collision, the minor child ████ ████ suffered personal and bodily injuries including, but not limited to, injuries to his neck and back. All of his damages are serious in nature and require continuing medical care and treatment. The full residual effects are not yet known.

25.

The minor child ████████ injuries and damages were directly caused by the negligent acts and omissions and/or commissions on the part of Defendant Mallory and his failure to operate his vehicle and/or trailer in a proper, prudent, and safe manner.

26.

As a result of the motor vehicle collision at issue, the minor child Antonio Warren suffered severe physical and mental injuries as well as inconvenience, entitling him to recover damages

including, but not limited to:

a)  Past, present, and future mental pain and suffering;

b)  Past, present, and future physical pain and suffering;

c)  Past, present, and future medical expenses;

d)  Loss of enjoyment of life; and

e)  All damages allowed under Louisiana law which may be proven at the trial of this matter.

WHEREFORE, Plaintiffs, Antoine Warren, Micheuala Brown, and Anthony Nettles, individually and as father of his minor child, ██████████, pray that defendants, Peter Mallory, Wooden Products Transportation, Inc., Amtrust Financial Services, Inc., and Wesco Insurance Company, be duly served and cited to appear and answer this Complaint, and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs and against Defendants, jointly and severally and *in solido*, in an amount as it may be reasonable on the premises and/or sufficient to adequately compensate Plaintiffs for their damages together with legal interest thereon from the date of judicial demand until paid, for all costs of this suit, and for all general and equitable relief deemed proper by this Honorable Court.

Respectfully Submitted,

/s/ Vanessa Motta
Vanessa Motta, Esq. (La. Bar No. 36915)
Motta Law, LLC
855 Baronne Street
New Orleans, LA 70113
Telephone:    (504) 525-1335
Facsimile:    (504) 581-1493
Email:        vanessa@mottalaw.com

/s/ Joseph M. Bruno
Joseph M. Bruno, Trial Attorney (La. Bar No. 3604)
Donald D. Reichert, Jr. (La. Bar No. 33328)
Bruno & Bruno, LLP

855 Baronne Street
New Orleans, LA 70113
Telephone:     (504) 525-1335
Facsimile:     (504) 561-6775
Email:         jbruno@brunobrunolaw.com
               don@brunobrunolaw.com