UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTOINE WARREN, ET AL.                                   CIVIL ACTION

VERSUS                                                   NO. 18-11613

PETER MALLORY, ET AL.                                    SECTION: "B"(4)

ORDER AND REASONS

**NATURE OF MOTION AND RELIEF SOUGHT**

Before the Court are: (1) defendants' motion to strike plaintiffs' experts (Rec. Doc. 34); (2) plaintiffs' response in opposition (Rec. Doc. 35); and (3) defendants' reply in support of their motion to strike (Rec. Doc. 40). Accordingly,

**IT IS ORDERED** that defendants' motion is **DENIED** subject to plaintiffs submitting proper summary disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C), no later than **September 20, 2020**;

**IT IS FURTHER ORDERED** that expert deadlines are extended only to allow for the latter submissions by plaintiffs and to provide corresponding extension to defendants for related discovery and responses to plaintiffs' submissions.

**FACTS AND PROCEDURAL HISTORY**

This case stems from a motor vehicle accident that occurred on November 29, 2017 in Orleans Parish, Louisiana. Rec. Doc. 1 at para. 1. On that date, plaintiff Antoine Warren was operating a 2005 Cadillac SRX, owned by plaintiff Anthony Nettles, traveling eastbound in the middle lane of Interstate 10. *Id*. at para. 4.

1

Plaintiffs Micheuala Brown, Anthony Nettles, and a minor child were passengers in the vehicle. *Id*. at para. 5. At the same time, defendant Peter Mallory ("Mallory") was operating a 2016 Freightliner Model TT 18-wheeler, with an attached box trailer, eastbound, in the right lane of interstate 10. *Id*. at para. 6. Plaintiffs contend defendant Mallory attempted to change lanes and collided with the vehicle. *Id*. at para. 7. Defendant Mallory was cited by the New Orleans Police Department for an improper lane change violation. *Id*. at para. 9. The Freightliner 18-wheeler driven by defendant Mallory was owned by Wooden Products. Plaintiffs allege defendant Mallory was in the course and scope of his employment with Wooden at the time of the accident. *Id*. at para 10.

All plaintiffs are domiciled in Orleans Parish. *Id*. at pp. 1-2 (A-C). Further, plaintiff Anthony Nettles brings suit individually on behalf of himself, as well as on the behalf of his unnamed minor child, pursuant to Louisiana Code of Civil Procedure 4061.1 A. *Id*. Defendant Mallory is a resident and domiciled in the County of Montgomery, Alabama. *Id*. at p. 2 (A).

Defendant Wooden Products Transportation, Inc. ("Wooden") is a foreign corporation, incorporated and with a principal place of business in Alabama. *Id*. at p. 2 (B). Defendant Wooden was the owner of the Freightliner 18-wheeler, and the employer of defendant Mallory, at the time of the collision. *Id*. Amtrust Financial Services, Inc. ("Amtrust") is a foreign insurance company authorized

2

to do and doing business in the state of Louisiana, incorporated and with a principal place of business in "a State other than Louisiana". *Id*. at p. 2 (C). Amtrust is the insurer of the Freightliner 18-wheeler, and/or trailer, which allegedly caused the collision. *Id*. Defendant Wesco insurance Company ("Wesco") is a foreign insurance company authorized to do and doing business in Louisiana, incorporated and with a principal place of business in states other than Louisiana. *Id*. at p. 3 (D). Wesco is also alleged to be the insurer of the Freightliner 18-wheeler, and/or trailer, involved in the incident. *Id*.

Plaintiffs filed their complaint on November 27, 2018. Rec. Doc. 1. This Court entered the agreed upon scheduling order on August 29, 2019. Rec. Doc. 22. In that scheduling order, the parties agreed to a final pre-trial conference to take place on April 9, 2020 and a jury trial to begin on May 4, 2020. Rec. Doc. 22. The scheduling order further noted:

> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for plaintiff fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than *January 10, 2020*.

Rec. Doc. 22 at 2(emphasis added). As of yet, plaintiffs have failed to submit any expert reports in compliance with this Court's scheduling order or the requirements of Fed. R. Civ. P. 26(a)(2)(B). Further still, plaintiffs did not submit any summary disclosures for

3

witnesses who do not provide expert reports, such as treating physicians, before the prior deadline of February 4, 2020, ninety (90) days before the originally scheduled trial. Fed. R. Civ. P. 26(a)(2)(C).

On March 19, 2020, defendants filed a motion to continue the trial, based on complications created by the COVID-19 global pandemic, and in compliance with the Eastern District of Louisiana's then current General Order No. 20-2. Rec. Doc. 41. This Court granted defendants' motion to continue, cancelling the April 9, 2020 final pre-trial conference and the May 4, 2020 jury trial. Rec. Doc. 42. This Court then held a scheduling conference on April 9, 2020, to establish a new trial date, and deadlines for the completion of depositions. Rec. Doc. 45.

At the April 9 scheduling conference, the parties agreed to: (1) a final pre-trial conference date of December 22, 2020; (2) a jury trial to take place on January 11, 2021; and (3) and a completion date for all trial-use depositions of November 20, 2020. Rec. Doc. 45 at 1. The scheduling order did not re-set or re-establish any prior deadlines for expert reports. Rec. Doc. 45.

Because plaintiffs failed to submit expert reports before the prior scheduling order's January 10, 2020 deadline, defendants filed the instant motion to strike the testimonies of plaintiffs' four treating physicians. Rec. Doc. 34. Defendants contend that because plaintiffs failed to file written expert reports within the deadline

4

established by the first scheduling order, plaintiffs' experts should be excluded. *Id.* at 4; *see also* Fed. R. Civ. P. 26(a)(2)(B). Defendants also contend that plaintiffs' experts should be excluded because plaintiffs also failed to submit summary disclosures 90 days before the May 4, 2020 trial date, pursuant to Fed. R. Civ. P. 26(a)(2)(C). Plaintiff's claim that by providing the medical records of plaintiffs' treating physicians, which include causation opinions, that they have complied with both Fed. R. Civ. P. 26(a)(2)(B) and 26 (a)(2)(C). Rec. Doc. 35.

**LAW AND ANALYSIS**

Federal Rules of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Rule 26 categorizes these witnesses for purposes of disclosure requirements into those expert witnesses who are retained or specially employed to give expert testimony and those who are not retained or specially employed but may provide expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(A), (C); Advisory Comm. Note 2010.

Experts who are retained by the party must provide an expert report pursuant to Rule 26(a)(2)(B). Non-retained expert witnesses (e.g., treating physicians) were exempt from disclosure requirements under Rule 26(a)(2)(B), prior to 2010; however, under the "treating physician exception" those witnesses were allowed to testify as to

5

those facts related to the medical records and treatment. *See Perdomo v. United States*, 2012 WL 2138106 at *1 (E.D. La. 2012); *Morgan v. Chet Morrison Contractors, Inc.*, 2008 WL 7602163 at *1 (E.D. La. 2008). Several courts have determined that treating physicians may offer testimony as non-retained experts if the testimony is confined to those facts or data the physician learned during actual treatment of the plaintiff. *Morgan*, 2008 WL 7602163 at * 2; *Perdomo*, 2012 WL 2138106 at *4; *LaShip, LLC, v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008). However, where testimony "consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of whether those opinions were formed during the scope of interaction with a party prior to litigation," the testimony is rather that of an expert. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757, n. 2 (7th Cir. 2004) (citation omitted). For example, testimony as to *causation* or as to future medical treatment has been considered the province of expert testimony subject to the requirements of section (a)(2)(B). *Rea v. Wis. Coach Lines, Inc.*, No. 12-1252, 2014 WL 4981803, at * 2 (E.D. La. Oct. 3, 2014) (citations omitted). In addition, where a physicians' testimony is prepared in anticipation of litigation by the attorney or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like an expert and must submit a report under Rule

26(a)(2)(B). *See e.g., Robert Parker, et al. v. NGM Insur. Co., et al.*, No. 15-2123, 2016 WL 3198613, at *2 (E.D. La. June 9, 2016).

Since Congress amended Rule 26 in 2010, however, Rule 26(a)(2)(C) creates a separate requirement that expert witnesses who do not provide a written report, such as treating physicians, must submit a disclosure stating: (1) the subject matter on which the witness is expected to testify under Federal Rules of Evidence 702, 703, and 704; and (2) the facts and opinions to which the witness is expected to testify. The 2010 Advisory Committee Notes specifically address treating physicians and have lead courts to the conclusion that any testimony not contained in medical records is more aptly considered expert testimony and subject to disclosure under Rule 26(a)(2)(C). See *Perdomo*, 2012 WL 2138106 at *1; *Boudreaux*, 2013 WL 3440027, at *3.

Failure to comply with the deadline for disclosure requirements results in "mandatory and automatic" exclusion under Federal Rule of Civil Procedure 37(c)(1), and the party is not allowed to use "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *Red Dot Bldgs. v. Jacob Tech., Inc.*, 2012 WL 2061904, at *3 (E.D. La. 2012); *see also Lampe Berger USA, Inc. v. Scentier, Inc.,* 2008 WL 3386716, at *2 (M.D. La. 2008). Courts evaluate four factors to assess the nature of the omission in deciding whether to strike the testimony: (1) the explanation for the failure to identify

7

the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

In this matter, defendants correctly contended plaintiffs failed to adhere to the deadlines for submitting expert reports imposed by Fed. R. Civ. P. 26(a)(2)(B) and summary disclosures imposed by Fed. R. Civ. P. 26(a)(2)(C). However, while that contention was accurate at the time this motion was filed, it has since been rendered inaccurate by complications resulting from COVID-19, the Eastern District of Louisiana's General Order 20-2, and this Court's order continuing the trial of this matter. Rec. Doc. 42. The trial of this matter has been continued until January 11, 2021. Rec. Docs. 42, 45. Therefore, the applicable time period for summary disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(C) has not yet passed, and plaintiffs may still comply with the requirements set forth in FRCP 26(a)(2)(C). Accordingly, defendants' motion to strike plaintiffs' experts is denied, subject to plaintiffs filing requisite summary disclosures for treating physicians pursuant to FRCP 26(a)(2)(C), no later than **September 20, 2020**.

Further, plaintiffs are warned the filing of medical records containing doctors' observations from a visit will not suffice. FRCP 26(a)(2)(C) requires the party propounding the testimony of a non-retained expert to provide a disclosure stating:

(1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify. Further, the Eastern District has held that "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *Hooks v. Nationwide Hous. Sys., LLC*, No. CV 15-729, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016) (citing *Williams v. State*, No. 14-00154, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015)).

New Orleans, Louisiana this 21st day of July, 2020.

_____
SENIOR UNITED STATES DISTRICT JUDGE