**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ANTOINE WARREN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-11613** |
| **PETER MALLORY, ET AL.** | **SECTION: "B"(4)** |

<u>**ORDER AND REASONS**</u>

Before the Court is plaintiffs Antoine Warren, Micheuala Brown, and Anthony Nettles' motion for partial summary judgment on the issue of liability, (Rec. Docs. 56, 59, 68), and defendants Peter Mallory, Wooden Products Transportation, Inc., and Wesco Insurance Company's motion *in limine* regarding third party medical funding. (Rec. Docs. 64, 71).

For the reasons discussed below, **IT IS ORDERED** that the motion for partial summary judgment (Rec. Doc. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion *in limine* (Rec. Doc. 64) is **DENIED**.

**I. FACTS AND PROCEDURAL HISTORY**

The facts of this case are simple. An alleged accident occurred on November 29, 2017 between plaintiff Antoine Warren and defendant Peter Mallory. Rec. Docs. 56-4 at 1, 59-1 at 1. Defendant was driving a 2016 Freightline Model TT 18-wheeler with an attached box trailer and plaintiff was driving his 2005 Cadillac SRX. Rec. Doc. 56-1 at 2. Both drivers were driving eastbound on Interstate 10. *Id.* At some point, defendant

1

attempted to change lanes and collided with plaintiff's car. Rec. *Id.*

Officer Vaughn Valeary responded to the accident and issued a citation to defendant for improper lane usage. Rec. Docs. 56-4 at 1, 59 at 4. Officer Valeary spoke with plaintiff Antoine Warren after the accident and he admitted to seeing defendant's left blinker at some point before or after the accident. Rec. Doc. 59-2 at 8-10.

Plaintiffs filed their complaint for negligence in November 2018. Rec. Doc. 1. Due to the COVID-19 pandemic, the jury trial has been continued several times. Rec. Doc. 42, 66, 69. Plaintiff filed this motion for partial summary judgment on liability. Rec. Doc. 56.

**II. LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also* T*IG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the [non-movant]."

*McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017). "Credibility determinations, weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

Here, plaintiffs are asking the court to make a credibility determination between plaintiffs' sworn testimony at their depositions in December 2019 and Antoine Warren's inconsistent statements he made regarding if and when he saw Peter Mallory's left blinker to Officer Valeary the night of the accident. If plaintiff did see the blinker, as allegedly stated to the officer, he had "a duty to take caution for his or her own safety and evade an accident if possible." Rec. Doc. 59-2 at 9. This court will not make such a determination. It is possible that a reasonable jury could find comparative fault, and therefore, should be given the opportunity to hear all of the evidence and make its own determinations.

Further, plaintiffs seek sanctions against Peter Mallory for failing to comply with discovery. According to the record, the first scheduling order was docketed on August 29, 2019 with discovery set to close by March 10, 2020. Rec. Doc. 22. In February 2020, the court granted an extension for discovery to close April 3, 2020 and defendants' depositions were scheduled

4

for the weekend of March 27, 2020. Rec. Doc. 33. Because of the COVID-19 pandemic, this court continued the trial on March 25, 2020 and discovery was extended once more to November 20, 2020. Rec. Docs. 41, 42. Oddly, Peter Mallory's deposition was not scheduled until six months later on October 2, 2020 without explanation on what prevented an earlier setting. Further, plaintiffs did not seek sanctions or other relief after the second deposition was canceled on September 22, 2020 and after receiving notice on November 4, 2020 that defendant was no longer cooperating. *See Tyll v. Stanley Black & Decker Life Insurance Program*, No. 17-1591, 2018 WL 5847240, at *6 (D. Conn. Nov. 8, 2018) (discussing cases when parties delayed bringing discovery issues before the court and were denied relief). Relief under the foregoing circumstances is tenuous. If plaintiff still seeks relief, and if good cause is found for filing same at this juncture, plaintiff may consider a motion to compel subject deposition, etc. after compliance with local rules of the court.

New Orleans, Louisiana this 28th day of June, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

5